# Cover Page



# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## Laguerre Lensendro
Petitioner

# PETITION FOR WRIT OF MANDAMUS

**I. Relief Sought** .................................................................. 1

**II. Issues Presented** ......................................................... 1-2

**III. Statement of the Case** ............................................... 2-3

**IV. Statement of Facts** ..................................................... 3-4

**V. Reason why Writ should Issue** .................................... 4-6

**VI. Conclusion** ...................................................................... 6

**VII. Certificate of Compliance (if applicable)** ...................... 8

**VIII. Certificate of Service** .................................................... 9

**IX. Appendix** ........................................................................ 10

*In re Epps*, 888 F.2d 964 (2d Cir. 1989) ................................5

*In re The City of New York*, 607 F.3d 923 (2d Cir. 2010) ........4,5

*In re Warrick*, 70 F.3d 736 (2d Cir. 1995) .............................6


**Statutes**

28 U.S.C. § 1915 ......................................................1,2,3,5,6

28 U.S.C. § 1651(a) ............................................1

U.S. Const. amend. I ..................................................... 2,6

U.S. Const. amend. XIV ................................................. 2


**Rules**

Fed. R. App. P. 21 ......................................................1

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**In re Laguerre Lensendro**
Petitioner.

**On Petition for a Writ of Mandamus**
to the United States District Court
for the District of Connecticut

**3:24-cv-01888-AWT**

## Petition for a Writ of Mandamus

### I.    Relief Sought

Petitioner respectfully requests that this Court issue a writ of mandamus pursuant to 28 U.S.C. § 1651(a) and Federal Rule of Appellate Procedure 21, directing the United States District Court for the District of Connecticut to rule without further delay on Petitioner's pending motion to proceed in forma pauperis, filed in conjunction with the civil complaint on 11/27/24

The petition does not seek a ruling on the merits of the in forma pauperis application or the underlying complaint. It seeks only an order compelling the district court to perform its ministerial duty under 28 U.S.C. § 1915 by issuing a timely ruling that would enable the case to proceed. Without such action, Petitioner remains indefinitely denied access to the judicial process, in violation of his statutory and constitutional rights.

### II.    ISSUES PRESENTED

1

Does the district court have a mandatory duty under 28 U.S.C. § 1915 to rule on a motion to proceed in forma pauperis?

When a district court fails to rule on such a motion for over six months, without explanation or action, does that delay amount to a constructive denial of access to court in violation of the First and Fourteenth Amendments?

Where the petitioner has no other remedy and the district court refuses to perform a ministerial function necessary to initiate litigation, is a writ of mandamus from this Court the appropriate means to compel the lower court to act?

### III.   STATEMENT OF THE CASE

I filed a civil complaint against Experian in the United States District Court for the District of Connecticut. Along with my complaint, I submitted a motion to proceed in forma pauperis under 28 U.S.C. § 1915, because I am indigent and unable to afford the filing fee. Since the date of filing, the court has not ruled on my IFP motion, and my case has remained inactive as a result.

After several months passed without any ruling or docket movement, I filed a motion asking the court to expedite a decision on the IFP application so that the case could move forward. That motion was denied the next day. However, the denial did not include any findings about my eligibility for IFP or the substance of my complaint, and the court still has not ruled on the original IFP motion itself.

To this day, the court has not reviewed, screened, or acted on my complaint under § 1915(e)(2). There has been no service of process, no scheduling, and no procedural movement of any kind. My complaint has not been dismissed, denied, or

2

advanced—it has been left suspended, entirely dependent on a ruling that has not come.

Because I am unable to pay the filing fee and the court has refused to rule, I remain blocked from accessing the judicial process. This petition is not about challenging any specific ruling—there is no ruling to challenge. I am asking this Court to direct the district court to carry out its basic duty under the law: to decide on my pending IFP motion so that the case may proceed.

## IV. STATEMENT OF FACTS

On November 27, 2024, I filed a civil complaint against Experian in the United States District Court for the District of Connecticut. That same day, I filed a motion to proceed in forma pauperis under 28 U.S.C. § 1915, because I was indigent and unable to afford the filing fee.

From the date of filing through early 2025, the court took no action on my motion or on the case. The docket reflected no rulings, no screening, no orders, and no indication that the complaint had been reviewed or considered.

On March 19, 2025, after nearly four months of silence, I filed a Motion to Expedite Ruling on In Forma Pauperis Motion and Service of Process. I asked the court to rule on my IFP application so that my case could proceed.

On March 20, 2025, the court denied that motion. In its order, the court did not rule on the IFP application itself. It offered no findings regarding the substance of my complaint or my eligibility for IFP. Instead, the court stated:

"The same statute that authorizes the court to grant in forma pauperis status to an indigent plaintiff also provides that the court shall dismiss the case at any time if the court determines that the action is frivolous or malicious [or] fails to state a claim upon which relief may be granted. Because the court will be simultaneously reviewing the motion to proceed in forma pauperis and reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2), it will take the court longer to act on the motion to proceed in forma pauperis than if the court were simply reviewing the motion to proceed in forma pauperis."

3

Since that date, no ruling has been issued on my IFP motion. The court has not dismissed the case, not screened the complaint, and not permitted it to proceed. The docket remains frozen. My complaint is not advancing. I am unable to pay the filing fee, and the court has not provided any legal basis to deny IFP or to reject my claims.

I have no alternative remedy. I have no order to appeal. I have done what the law allows. Without a ruling on the IFP motion, I have no way to move forward.

### V. Reason why writ should issue

The district court has not ruled on my motion to proceed in forma pauperis, and my case has remained frozen since November of 2024. I filed that motion alongside my complaint on November 27, 2024. After months of inaction, I filed a motion to expedite a ruling on March 19, 2025. The court denied that motion the next day—but has yet to take action on the original IFP motion to date.

That sequence matters. It proves the court is capable of acting quickly, it ruled on my motion to expedite within 24 hours but it has deliberately chosen not to act on the one motion that determines whether my complaint can proceed or not proceed. That is not delay due to volume, objectively a reasonable person would see this silence as by design.

In In re The City of New York, this Circuit held that mandamus was proper where an appeal after final judgment was "not an adequate means" of relief. 607 F.3d at 929; and reasoned:

"We are satisfied that a writ of mandamus is the only 'adequate' means for the City to challenge that order." Id. at 933.

The same principle applies here. I have no final judgment. I have no ruling at all. I have no docket movement, no scheduling order, and no screening decision. I cannot appeal what does not exist. I cannot move forward without a ruling. I have exhausted all available methods within the trial court.

4

This is not an ordinary delay. The court denied my motion to expedite within one day demonstrating its capacity to act when it chooses. But the court has left the IFP motion unresolved for almost half a year. That contrast shows this is not a backlog issue but rather a decision to withhold action on a motion that controls my right to access the court.

In *In re City of New York*, this Circuit affirmed that mandamus is appropriate where procedural handling threatens to impair a significant legal right before final judgment. The court described mandamus as a legitimate "escape hatch" when normal channels are unavailable, and delay causes harm. 607 F.3d at 939. But what was at stake in *City of New York* was a law enforcement privilege in a discovery order.

What is at stake here is just as significant. This is not a discovery error—it is the **complete suspension of my right to be heard**. The district court's ongoing refusal to rule on my motion to proceed in forma pauperis has blocked my case from moving forward. The harm is not theoretical. It is active, and continuing. A right that cannot be exercised is a right denied.

The court has a statutory obligation under 28 U.S.C. § 1915 to either grant or deny my motion. It does not have the discretion to leave that motion unresolved indefinitely. The court acknowledged that it is "simultaneously reviewing" my IFP request and complaint under § 1915(e)(2), but then proceeded to do nothing. There is no finding that my complaint is frivolous or deficient.

In In re Epps, this Circuit granted a writ of mandamus where a district court imposed procedural obstacles that delayed a ruling on IFP and obstructed access to court. The court emphasized:

"The discretion conferred on district judges by section 1915 is to be exercised so as not to deprive litigants of the 'necessities of life.'" 888 F.2d at 969.

In my case, there has been no exercise of discretion; there has been a refusal to exercise it. The statute requires action. The court has declined to take any. I am not asking this Court to grant IFP; I am asking it to compel the lower court to perform its legal duty to rule.

5

In re Warrick, this circuit held that mandamus was appropriate when a district court failed to apply a mandatory statutory factor and abused its discretion in a venue transfer. 70 F.3d at 739. Here, the court has failed to apply § 1915 at all. That is a greater violation; no ruling has been made, no record exists, and the statutory mechanism has been ignored.

I respectfully emphasize that this petition also implicates my constitutional right to access the courts. That right is guaranteed by the First Amendment's Petition Clause and the Due Process Clause of the Fourteenth Amendment.

I am not asking for a favorable ruling, I am asking for any ruling. The district court has left my complaint in a state of indefinite suspension, without cause, without findings, and without recourse. That amounts to a denial of access, not a delay in processing and; under the aforementioned cited authorities this Court has the authority and the responsibility to act.

## VI.   Conclusion

For these reasons, I respectfully request that this Court issue a writ of mandamus directing the United States District Court for the District of Connecticut to rule on my pending motion to proceed in forma pauperis without further delay.

This petition does not seek a favorable outcome—only a lawful one. The district court's failure to rule has my complaint suspended in procedural limbo, and I have no means to move my case forward, no order to appeal, and no remedy available within the trial court. The court has acknowledged the existence of my motion and declined to act on it, even though a ruling is required by statute. Mandamus exists for precisely these situations—where a court's refusal to act deprives a litigant of rights that cannot be recovered through appeal or ordinary process. The harm here is not speculative. It is real, ongoing, and absolute: I cannot proceed.

Accordingly, I ask this Court to exercise its supervisory authority and compel the district court to fulfill its obligation under 28 U.S.C. § 1915.

Respectfully submitted

*Laguerre Lensendro* (signature)

Laguerre Lensendro

26 broad st apt 4

Norwalk CT

06851

April 19, 2025

## VII. CERTIFICATE OF COMPLIANCE

I certify that this petition complies with the type-volume limitation of Federal Rules of Appellate Procedure 21(d)(1) and 32(g)(1). This petition contains **1,901 words**, including captions, but excluding the table of contents, table of authorities, certificate of compliance, certificate of service, and any attached appendix.

This document was prepared using a computer, in a proportionally spaced typeface, using **Times New Roman, 14-point font**.

April 19, 2025

Respectfully submitted

*Laguerre Lensendro*

Laguerre Lensendro

26 broad st apt 4

Norwalk CT

06851

## VIII. CERTIFICATE OF SERVICE

I certify that on 4-19-2025, I served a copy of this petition for writ of mandamus and all accompanying documents by mail [] on the following recipient:

**Hon. Alvin W. Thompson**
United States District Judge
United States District Court
District of Connecticut
450 Main Street
Hartford, CT 06103

Laguerre Lensendro
26 broad st apt 4
Norwalk CT
06851

April 19 2025

9

## IX.  Appendix

**Contents**

1. Docket Sheet, U.S. District Court for the District of Connecticut, Case No. [3:24-cv-01888-AWT] exhibit 1
2. Order [exhibit 2]

Query    Reports    Utilities    Help    Log Out

EFILE,MEG,PROSE

# U.S. District Court
# District of Connecticut (New Haven)
# CIVIL DOCKET FOR CASE #: 3:24-cv-01888-AWT

Lensendro v. Experian  
Assigned to: Judge Alvin W. Thompson  
Demand: $299,000  
Cause: 15:1681 Fair Credit Reporting Act  

Date Filed: 11/27/2024  
Jury Demand: Plaintiff  
Nature of Suit: 480 Consumer Credit  
Jurisdiction: Federal Question  

**Plaintiff**

**Laguerre Lensendro**            represented by  **Laguerre Lensendro**  
                                                   26 Broad St, Apt 4  
                                                   Norwalk, CT 06851  
                                                   PRO SE

V.

**Defendant**

**Experian**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/27/2024 | 1 | COMPLAINT against Experian, filed by Laguerre Lensendro. (Fanelle, N.) (Entered: 11/27/2024) |
| 11/27/2024 | 2 | MOTION for Leave to Proceed in forma pauperis by Laguerre Lensendro. (Fanelle, N.) (Entered: 11/27/2024) |
| 11/27/2024 | 3 | Notice: Pursuant to Federal Rule of Civil Procedure 7.1, a disclosure statement must be filed with a party's first appearance, pleading, petition, motion, response, or other request addressed to the Court and must be supplemented if any required information changes during the case. Signed by Clerk on 11/27/2024. (Fanelle, N.) (Entered: 11/27/2024) |
| 11/27/2024 |   | Judge Alvin W. Thompson and Judge Maria E. Garcia added. (Reis, J) (Entered: 11/27/2024) |
| 11/27/2024 | 4 | Order on Pretrial Deadlines: Amended Pleadings due by 1/26/2025. Discovery due by 5/29/2025. Dispositive Motions due by 7/3/2025. Signed by Clerk on 11/27/2024. (Mendez, D) (Entered: 12/04/2024) |
| 11/27/2024 | 5 | ELECTRONIC FILING ORDER FOR COUNSEL - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Alvin W. Thompson on 11/27/2024. (Mendez, D) (Entered: 12/04/2024) |
| 11/27/2024 | 6 | Standing Protective Order. Signed by Judge Alvin W. Thompson on 11/27/2024. (Mendez, D) (Entered: 12/04/2024) |

| 11/27/2024 | 7 | Notice of Option to Consent to Magistrate Judge Jurisdiction. (Mendez, D) (Entered: 12/04/2024) |
|---|---|---|
| 01/06/2025 | 8 | NOTICE: This is a pro se case. The Federal Pro Se Legal Assistance Program is available for limited scope legal counseling, explaining court orders and civil procedure, reviewing draft filings, and conducting legal research. Non-prisoner pro se parties may apply for assistance by calling 203-850-7720 and leaving a voicemail or sending an email to: federalproselegal@qu.edu. Signed by Judge Alvin W. Thompson on 1/6/2025. (Ferguson, L.) (Entered: 01/06/2025) |
| 03/19/2025 | 9 | MOTION to Expedite Ruling on In Forma Pauperis Motion and Service of Process, by Laguerre Lensendro. (Attachments: # 1 Envelope) (Velez, F) (Entered: 03/19/2025) |
| 03/20/2025 | 10 | ORDER: Plaintiff's Motion to Expedite Ruling on In Forma Pauperis Motion and Service of Process (ECF No. 9 ) is hereby DENIED. The same statute that authorizes the Court to grant in forma pauperis status to an indigent plaintiff also provides that "the court shall dismiss the case at any time if the court determines that... the action... (i) is frivolous or malicious;" or "(ii) fails to state a claim upon which relief may be granted... " 28 U.S.C. § 1915(e)(2). Because the court will be simultaneously reviewing the motion to proceed in forma pauperis and reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2), it will take the court longer to act on the motion to proceed in forma pauperis than if the court were simply reviewing the motion to proceed in forma pauperis. It is so ordered. Signed by Judge Alvin W. Thompson on 3/20/2025. (Bodurtha, M.) Modified on 3/20/2025 to edit text (Ferguson, L.). (Entered: 03/20/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/18/2025 10:40:59 | | | |
| PACER Login: | lennyboii9 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:24-cv-01888-AWT |
| Billable Pages: | 2 | Cost: | 0.20 |

**U.S. District Court**

**District of Connecticut**

**Notice of Electronic Filing**

The following transaction was entered on 3/20/2025 at 3:11 PM EDT and filed on 3/20/2025

**Case Name:** Lensendro v. Experian

**Case Number:** 3:24-cv-01888-AWT

**Filer:**

**Document Number:** 10(No document attached)

**Docket Text:**
**ORDER: Plaintiff's Motion to Expedite Ruling on In Forma Pauperis Motion and Service of Process (ECF No. [9]) is hereby DENIED. The same statute that authorizes the Court to grant in forma pauperis status to an indigent plaintiff also provides that the court shall dismiss the case at any time if the court determines that... the action... (i) is frivolous or malicious;" or "(ii) fails to state a claim upon which relief may be granted... 28 U.S.C. 1915(e)(2). Because the court will be simultaneously reviewing the motion to proceed in forma pauperis and reviewing the complaint pursuant to 28 U.S.C. 1915(e)(2), it will take the court longer to act on the motion to proceed in forma pauperis than if the court were simply reviewing the motion to proceed in forma pauperis. It is so ordered. Signed by Judge Alvin W. Thompson on 3/20/2025. (Bodurtha, M.)**

**3:24-cv-01888-AWT Notice has been electronically mailed to:**

**3:24-cv-01888-AWT Notice has been delivered by other means to:**

Laguerre Lensendro
26 Broad St, Apt 4
Norwalk, CT 06851