**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------ x
LAGUERRE LENSENDRO,            :
                              :
        Plaintiff,            :
                              :
v.                            :   Civil No. 3:24-cv-1888 (AWT)
                              :
EXPERIAN,                     :
                              :
        Defendant.            :
                              :
                              :
------------------------------ x
```

**RULING GRANTING MOTION FOR LEAVE TO PROCEED**
**IN FORMA PAUPERIS AND DISMISSING CASE**

Pro se plaintiff Laguerre Lensendro ("Lensendro") alleges that defendant Experian willfully violated the Fair Credit Reporting Act (the "FCRA"), codified as amended at 15 U.S.C. § 1681 et seq., by furnishing his consumer report on multiple occasions without a permissible purpose. The plaintiff has also filed an amended motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

For the reasons stated below, the court is granting the amended motion to proceed in forma pauperis and dismissing the complaint pursuant to 28 U.S.C. § 1915(e)(2).

I.  **MOTION TO PROCEED IN FORMA PAUPERIS**

Section 1915 of Title 28 of the United States Code provides, in pertinent part:

[A]ny court of the United States may authorize the

-1-

> commencement, prosecution or defense of any suit, action or
> proceeding, civil or criminal, or appeal therein, without
> prepayment of fees or security therefor, by a person who
> submits an affidavit that includes a statement of all
> assets such [person] possesses [and] that the person is
> unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). The court determines whether an

applicant is indigent by reviewing the applicant's assets and

expenses as stated on a declaration submitted with the motion to

proceed in forma pauperis. Here, the plaintiff has demonstrated

to the court an inability to pay for the commencement of this

action. Accordingly, the court is granting the plaintiff's

amended Motion to Proceed in Forma Pauperis (ECF No. 15) and

denying as moot the plaintiff's prior motion to proceed in forma

pauperis (ECF No. 2).

The same statute that authorizes the court to grant in

forma pauperis status to an indigent plaintiff also provides

that the court "shall dismiss the case at any time if [it]

determines that . . . the action . . . (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who

is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Therefore, the court must review the complaint in this case

to determine whether this action is frivolous or malicious,

fails to state a claim on which relief may be granted, or seeks

monetary relief against a defendant who is immune from such

relief.

**II.  FACTUAL ALLEGATIONS IN THE COMPLAINT**

The court must accept as true the factual allegations in the complaint for purposes of testing its sufficiency. See Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir. 1997). It contains the following allegations.

The complaint alleges that the plaintiff is "a 'consumer'" and that "Experian is a nationwide consumer reporting agency" under the terms of the FCRA. Compl. (ECF No. 1) ¶¶ 6, 7. The complaint alleges that Experian "furnished [the plaintiff's] report on at least 299 separate occasions without a permissible purpose, in violation of 15 U.S.C. § 1681b." Id. ¶ 2. The complaint alleges that Experian's "repeated actions were willful in violation of the FCRA." Id. ¶ 10. Attached to the complaint as Exhibit A is what appears to be a portion of a report detailing instances where the defendant furnished the plaintiff's credit report in response to an inquiry. See ECF pages 3-12. For each inquiry, the report identifies the entity that sought the plaintiff's report, the date or dates on which the entity made an inquiry regarding the plaintiff's report, its mailing address, and its telephone number, if available. See id. For certain inquiries, the report appears to identify a matter to which the inquiry is related. See ECF page 3 ("BK OF AMER", "Inquired on 4/29/2024", "Auto loan."; "EMS/AMERISA VE MORTGAGE

C", "Inquired on 11/14/2022", "Mortgage."). Most of the
inquiries are characterized as "Soft Inquiries", and the report
explains what that term means. Id.

The plaintiff "seeks statutory damages of $1,000 per
violation under 15 U.S.C. § 1681n for willful noncompliance,
totaling $299,000." Compl. ¶ 3.

## III. LEGAL STANDARD

In determining whether an action "fails to state a claim on
which relief may be granted" under 28 U.S.C. §
1915(e)(2)(B)(ii), courts use the standard established for
Federal Rule of Civil Procedure 12(b)(6). See, e.g., Sykes v.
Bank of Am., 723 F.3d 399, 401, 403 (2d Cir. 2013) (using the
Rule 12(b)(6) standard to review a sua sponte dismissal for
failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).
"Although courts must read pro se complaints with 'special
solicitude' and interpret them to raise the 'strongest arguments
that they suggest,'" pro se litigants must nonetheless "plead
'enough facts to state a claim to relief that is plausible on
its face.'" Anthony v. Med. Staff at Inst., 409 F. Supp. 3d 102,
104 (E.D.N.Y. 2016) (quoting Triestman v. Federal Bureau of
Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006); Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial
plausibility when the [claimant] pleads factual content that
allows the court to draw the reasonable inference that the

-4-

defendant is liable for the misconduct alleged." <u>Ashcroft v.
Iqbal</u>, 556 U.S. 662, 678 (2009). But a complaint will be
dismissed when "the allegations in [the] complaint, however
true, could not raise a claim of entitlement to relief.'"
<u>Twombly</u>, 550 U.S. at 558. In determining whether a complaint
should be dismissed for failure to state a claim, "a court may
consider 'documents attached to the complaint as an exhibit or
incorporated in it by reference, . . . matters of which judicial
notice may be taken, or . . . documents either in plaintiffs'
possession or of which plaintiffs had knowledge and relied on in
bringing suit.'" <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147,
153 (2d Cir. 2002) (citation omitted).

In determining whether a claim "is frivolous" under 28
U.S.C. § 1915(e)(2)(B)(i), courts consider whether the claim
"lacks an arguable basis either in law or in fact." <u>Neitzke v.
Williams</u>, 490 U.S. 319, 325 (1989). The "function" of this
provision, which is separate and distinct from that of 28 U.S.C.
§ 1915(e)(2)(B)(ii), is to "accord[] judges not only the
authority to dismiss a claim based on an indisputably meritless
legal theory, but also the unusual power to pierce the veil of
the complaint's factual allegations and dismiss those claims
whose factual contentions are clearly baseless." <u>Id.</u> at 327.
"Holding a pro se plaintiff to less stringent standards than a
plaintiff represented by counsel, and considering all of the

allegations as truthful, the complaint must be frivolous on its face or wholly insubstantial to warrant sua sponte dismissal." Moorish Sci. Temple of Am., Inc. v. Smith, 693 F.2d 987, 989-90 (2d Cir. 1982) (citations and italics omitted).

## IV.  MERITS OF THE COMPLAINT

The plaintiff claims that the defendant "furnished his report on at least 299 separate occasions without a permissible purpose, in violation of 15 U.S.C. § 1681b." Compl. ¶ 2.

Section 1681b(a) of Title 15 of the United States Code provides, in pertinent part:

> Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> (1)  In response to the order of a court . . . [or] a subpoena issued in connection with proceedings before a Federal grand jury . . . .
>
> (2)  In accordance with the written instructions of the consumer to whom it relates.
>
> (3)  To a person which it has reason to believe—
>
>     (A)  intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>
>     (B)  intends to use the information for employment purposes; or
>
>     (C)  intends to use the information in connection with the underwriting of insurance involving the consumer; or
>
>     (D)  intends to use the information in connection with

a determination of the consumer's eligibility for
a license or other benefit granted by a
governmental instrumentality required by law to
consider an applicant's financial responsibility
or status; or

(E)  intends to use the information, as a potential
investor or servicer, or current insurer, in
connection with a valuation of, or an assessment
of the credit or prepayment risks associated with,
an existing credit obligation; or

(F)  otherwise has a legitimate business need for the
information—

(i)  in connection with a business transaction
that is initiated by the consumer; or

(ii)  to review an account to determine whether
the consumer continues to meet the terms of
the account.

(G)  executive departments and agencies in connection
with the issuance of government-sponsored
individually-billed travel charge cards. . . .

(4)  In response to a request by the head of a State or
local child support enforcement agency . . . .

(5)  To an agency administering a State plan under section
654 of Title 42 for use to set an initial or modified
child support award. . . .

(6)  To the Federal Deposit Insurance Corporation or the
National Credit Union Administration as part of its
preparation for its appointment or as part of its
exercise of powers . . . .

15 U.S.C. § 1681b(a).

Section 1681b(c) provides that a "consumer reporting agency

may furnish a consumer report relating to any consumer pursuant

to subparagraph (A) or (C) of subsection (a)(3) in connection

with any credit or insurance transaction that is not initiated

by the consumer" only under certain circumstances. 15 U.S.C. §
1681b(c).

The plaintiff does not provide any factual background with
respect to any of the 299 occasions on which the defendant
furnished his credit report. Thus there is no basis for the
court to conclude or reasonably infer that the defendant
furnished the plaintiff's credit report under impermissible
circumstances. For instance, the plaintiff does not allege that
Experian furnished his report on any particular occasion for a
particular purpose that is not covered by 15 U.S.C. § 1681b(a).
No such information can be determined by looking at Exhibit A.

The complaint thus fails to "provide the 'grounds' of [the
plaintiff's] 'entitle[ment] to relief'". Twombly, 550 U.S. at
555. Rather, it simply provides "labels and conclusions." Id.
This is not sufficient to state a claim under the FCRA. See,
e.g., Taylor v. Experian Info. Sols., Inc., No. 5:24-CV-188
(DNH/MJK), 2024 WL 618741, at *4 (N.D.N.Y. Feb. 14, 2024),
report and recommendation adopted, No. 5:24-CV-188, 2024 WL
986483 (N.D.N.Y. Mar. 7, 2024)(dismissing claim under 15 U.S.C.
§ 1681b because the "plaintiff [did] not plausibly allege [in a
nonconclusory manner] that a third party sought or used the
information for an impermissible purpose . . . ."); Ahmad v.
Experian Info. Sols., Inc., No. 23-CV-2222 (LJL), 2023 WL
8650192, at *7 (S.D.N.Y. Dec. 14, 2023) (dismissing claim under

15 U.S.C. § 1681b where the "Plaintiff has not alleged the disclosure of his consumer report beyond those purposes permitted by law."); Viverette v. Experian, No. 21-CV-6989 (LTS), 2022 WL 357274, at *1, 3 (S.D.N.Y. Feb. 7, 2022)(dismissing complaint where plaintiff alleged that she "was violated by Experian under . . . 15 [U.S.C. §] 1681b(a)(2)", without further elaboration); Selvam v. Experian Info. Sols., Inc., No. 13-CV-6078 (DLI) (JO), 2015 WL 1034891, at *3 (E.D.N.Y. Mar. 10, 2015) (dismissing claim under 15 U.S.C. § 1681b where the "Plaintiff alleges only that [the defendant] 'did not have a reasonable purpose to receive it.' Such conclusory language, that only tracks the statute in a formulaic manner, fails to state a claim upon which relief can be granted." (citation omitted)). Compare Perl v. Am. Express, No. 12-CV-4380 (ER), 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012) ("Mr. Perl adequately alleges that his report was obtained for an impermissible purpose by alleging that he 'never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from,' Defendants.").

Consequently, the complaint fails to state a claim on which relief may be granted and must be dismissed.

V.    **CONCLUSION**

For the reasons set forth above, the plaintiff's amended Motion for Leave to Proceed in Forma Pauperis (ECF No. 15) is hereby GRANTED, and the Complaint (ECF No. 1) is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2), with leave to amend.

Any amended complaint must be filed within 30 days of the date of this order. In any amended complaint, the plaintiff shall remedy the deficiencies in the original complaint and include factual allegations that establish each element of the cause of action he asserts.

It is so ordered.

Dated this 26th of June 2025, at Hartford, Connecticut.

/s/ AWT
_____
Alvin W. Thompson
United States District Judge
